FILED
2012 Aug-15 PM 04:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ARICA BONNER, EDWARD HARPER, FAYE LEVINS, RAJEENI COOK, TYRONE STEVENSON, GLENN WALLACE, TURQUOISE WILLIAMS, MOZELL SHELBY and MAUDE JONES,** on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **SANTANDER CONSUMER USA, INC.,** <br><br> Defendant. | **CIVIL ACTION NO.: 2:12-cv-02183-RDP** |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION, STRIKE AMENDED COMPLAINT, AND DISMISS

As this Court correctly stated in the status conference held on August 8, 2012, the arbitration agreement upon which defendant relies is _elective_ in nature, and because the plaintiffs added by amendment are proper parties not subject to _any_ arbitration provisions, defendant's attempt to have this entire amended complaint dismissed fails as a matter of law. Further, the Court is correct to rely

upon the Former Fifth Circuit's holding in *McLellan*[1] and its application by the United States District Court for the Northern District of Florida in *Blue Marine*,[2] for the proposition that Rule 15 controls over Rule 21 for the purposes of adding claims and parties in the Eleventh Circuit. For the following reasons, SCUSA's motion is due to be denied:

**I. LEAVE OF COURT IS NOT REQUIRED TO AMEND THE COMPLAINT TO ADD ADDITIONAL CLAIMS OR PARTIES.**

Contrary to defendant's argument in its brief (Doc. #12), the primary issue in *Blue Marine* was not the substitution of a party under Rule 17. In fact, the court in *Blue Marine* devotes one sentence in its entire opinion to Rule 17 analysis. 2010 WL 1687737 at *18. The court in *Blue Marine* goes to great lengths to explain why Rule 15 controls over Rule 21 in the Eleventh Circuit and cites to *McLellan* directly for this proposition. As the *Blue Marine* court correctly states, "Although Rule 21 requires leave of court before parties are added or dropped, in this circuit, Rule 15(a) is given precedence." *Blue Marine,* 2010 WL 1687737 at *18 n. 14.

In *Blue Marine*, as in this case, the plaintiffs amended their complaints within the timeframe provided by Rule 15. "Under the current rule, amendment of a complaint is permitted once as of right within 21 days after service of the

---

[1] *McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870 (5th Cir. 1976).
[2] *Blue Marine Shipping SA de CV v. Gulmar Offshore Middle E. LLC*, Civil Action No. 3:09-CV-0555-MCR-MD, 2010 WL 1687737 (N.D. Fla. Apr. 26, 2010).

responsive pleading, so the rule assumes a jurisdictional challenge might be made and subsequently corrected by substituting an amended complaint." *Blue Marine,* 2010 WL 1687737 at *18 & n. 13. The *Blue Marine* court correctly stated that "amendments as of right under Rule 15(a) operate 'as a matter of course,' and do not require a judicial imprimatur." *Blue Marine,* 2010 WL 1687737 at *18 n. 14 (citing *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 95-96 (1st Cir. 2008). The Eleventh Circuit has explicitly stated that "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. and Can.*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). The Supreme Court has stated that ". . . when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007).

As this Court has correctly noted, the facts of *Jaffree*,[3] are inapposite to this case. The Eleventh Circuit explains in great detail that the plaintiffs in *Jaffree* were barred from pursuing claims by the doctrine of *res judicata*. Defendant does not attempt to argue that plaintiffs' do not have claims or that plaintiffs' claims are barred by *res judiciata* or some other statutory bar.

---

[3] *Jaffree v. Wallace*, 837 F.2d 1461 (11th Cir. 1988).

3

Further, defendant's assertion that the court in *Blue Marine* would have ruled differently had it cited to *Jaffree* is speculative at best. As this Court has noted, the Eleventh Circuit's decision in *Jaffree* turned on the fact that the original plaintiffs' claims were barred by *res judicata*. Neither *Blue Marine* nor the instant case contains plaintiffs who are barred from pursuing their claims. Further, as this court has correctly stated, Plaintiff Bonner's entire arbitration agreement, including the class action waiver and joinder provision, is <u>elective</u> in nature and, at the time of the amendment, defendant had not elected arbitration with respect to Plaintiff Bonner.

## II. THE PLAINTIFFS ARE PROPER PARTIES UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.

All plaintiffs are proper parties under Fed. R. Civ. P. 20. In the amended complaint, the plaintiffs' claims clearly show that they "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact will arise in the action." Fed. R. Civ. P. 20. In this case, the named plaintiffs and the proposed class all share common claims of law and fact relating to defendant's systematic, continuing violations of the TCPA and FDCPA and defendant's breach of contract as described in the Amended Complaint (Doc. # 4).

4

### III. CONCLUSION.

As this Court correctly asserted on August 8, 2012, Plaintiffs' Amended Complaint was timely and correctly filed pursuant to Rule 15 and should be allowed under controlling law. Based on the foregoing, this Court should deny SCUSA's motion to compel arbitration, strike amended complaint and dismiss the action.

/s/ D. Frank Davis_____
D. Frank Davis
One of the Attorneys for Plaintiffs

**OF COUNSEL:**
D. Frank Davis
John E. Norris
Wesley W. Barnett
Courtney L. Peinhardt
Andrew S. Herring
Davis & Norris, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
courtney@davisnorris.com
aherring@davisnorris.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing document by Electronic Filing, or, if the party does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 15th day of August, 2012:

John R. Chiles
S. Greg Burge
R. Frank Springfield
Daniel B. Snyder
BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203

/s/ Andrew S. Herring
Andrew S. Herring
One of the Attorneys for Plaintiffs