FILED

2012 Oct-23  PM 05:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ARICA BONNER, et al., on behalf of themselves and all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION NO.: 2:12-cv-02183-RDP** |
| **v.** | ) ) | |
| **SANTANDER CONSUMER USA, INC.,** | ) ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) ) | |

## SECOND AMENDED NATIONWIDE CLASS ACTION COMPLAINT

Comes now Plaintiffs, pursuant to Federal Rule of Civil Procedure 15(a)(2) with consent of the Defendant,[1] and hereby amends their complaint to clarify their claims as follows.[2] This is a nationwide class action complaint pursuant to Rule 23 of the Federal Rules of Civil Procedure against defendant Santander Consumer USA, Inc. ("Santander" or "defendant"). Arica Bonner[3] ("Bonner"), Faye Levins ("Levins"), Rajeeni Cook ("Cook"), Turquiose Williams ("Williams"), and Maude Jones ("Jones"), on behalf of themselves and all others similarly situated, seek redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and breach of contract as set forth herein.

---

[1] *See* Exhibit "A" attached hereto.
[2] This Second Amended Nationwide Class Action Complaint corrects certain clerical errors in the Amended Nationwide Class Action Complaint. It is in form and substance similar to the Amended Nationwide Class Action Complaint (Doc. #4) with the exception of clarifying that Plaintiff Jones is not alleging Breach of Contract claims.
[3] Plaintiff Bonner's claims were dismissed without prejudice and compelled to arbitration pursuant to the Court's order (Doc. # 15). Plaintiffs leave these allegations in the Second Amended Nationwide Class Action Complaint for the style of the case. Plaintiffs have removed Plaintiffs Edward Harper, Mozell Shelby, Tyrone Stevenson, and Glenn Wallace from this version of the Complaint pursuant to the Court's order (Doc. #25).

## PARTIES

1.     Plaintiff Arica Bonner is an adult resident citizen of Jefferson County, Alabama. Ms. Bonner currently resides in the City of Birmingham in Jefferson County, Alabama.

2.     Plaintiff Faye Levins is an adult resident citizen of Jefferson County, Alabama. Ms. Levins currently resides in the City of Birmingham in Jefferson County, Alabama.

3.     Plaintiff Rajeeni Cook is an adult resident citizen of Jefferson County, Alabama. Ms. Cook currently resides in the City of Birmingham in Jefferson County, Alabama.

4.     Plaintiff Turquiose Williams is an adult resident citizen of Walker County, Alabama. Ms. Williams currently resides in the City of Jasper in Walker County, Alabama.

5.     Plaintiff Maude Jones is an adult resident citizen of Jefferson County, Alabama. Ms. Jones currently resides in the City of Birmingham in Jefferson County, Alabama.

6.     Santander is an Illinois corporation with its principal office located in Dallas, Texas. Santander has conducted business in Jefferson County in Alabama during the time period pertinent to the allegations in this complaint. Santander is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

7.     This class action is based on the FDCPA, the TCPA, and breach of contract. Plaintiffs' complaint asserts numerous state and federal claims against defendant. Plaintiffs' state law claims are related to the same collection activity that forms the basis for plaintiffs' FDCPA and TCPA claims. It is therefore evident that plaintiffs' state law claims in this case are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy and, thus, fall squarely within this Court's supplemental jurisdiction. Accordingly, federal question jurisdiction exists pursuant to 28 U.S.C. §1331, and supplemental

jurisdiction exists pursuant to 28 U.S.C. §1367. This Court, additionally, should exercise supplemental jurisdiction over plaintiffs' state law claims in order to avoid an unnecessary duplication of judicial resources.

8.     The class members are located throughout the United States. Fewer than one third of the class reside in Alabama. Santander is not a citizen of Alabama. The amount in controversy exceeds five million dollars exclusive of interest and costs. Accordingly, diversity jurisdiction exists pursuant to 28 U.S.C. § 1391 (as modified by the Class Action Fairness Act).

9.     Venue is proper under 28 U.S.C. §1391, since the events giving rise to plaintiffs' claims occurred within this judicial district and division and since defendant is subject to the general and personal jurisdiction of this Court.

10.     Defendant's wrongful activities were directed to this jurisdiction. Plaintiffs' rights were damaged or impaired in this jurisdiction, and significant damages and losses were suffered in this jurisdiction.

11.     Santander Consumer USA regularly, continuously, and systematically conducts business in the state of Alabama. For example, Burke Automotive Group, which is one of the largest automobile dealers in the state of Alabama and has new-car franchises with multiple automobile manufacturers and a large used car business, regularly causes its customers, particularly those with high-risk credit, to contract with Santander for the finance of new and used cars. Santander regularly, continuously, and systematically enters into automobile loan agreements with Burke customers located in the state of Alabama and at other large Alabama automotive retailers, such as Jim Skinner, Serra, and Tameron. Additionally, Santander regularly, continuously, and systematically repossesses automobiles of Alabama residents who default on Santander automotive loans.

## NATURE OF THE CASE

12.     Santander is one of the largest subprime automobile servicing companies in the world. As of 2010, its debt collection portfolio was approximately $15 billion. Although the debts it collects are in fact owned by others, Santander collects the debts in its own name without disclosing that it is not the owner of the debt. Therefore, it functions as an undisclosed agent for the true owner.

13.     Defendant's routine business practices involve taking over the collection of debts previously collected by others and then: (a) engaging in unlawful harassment and unlawful collection methods, and (b) imposing improper fees never agreed to and not authorized by the contracts they are servicing. It is a very lucrative but unlawful business plan.

14.     Santander is so eager to harass, abuse, and annoy its customers that its repeated and continuous calls each day are from multiple Santander telephone numbers. It calls cell phone numbers without prior authorization.

15.     Santander also begins its calls long before the grace period for the payment in question runs. For example, for loans due on the 1st with a 10 day grace period through the 10th, Santander's harassing calls begin on or about the 2nd.

16.     Furthermore, it employs the same methods to abuse, annoy, and harass the friends, family and references of the debtors all in an unlawful attempt to intentionally harass, abuse and annoy its customers and their family and friends.

17.     Defendant willfully, knowingly, regularly, and routinely charges and collects fees not authorized by the contracts with debtors, including collecting late fees when payments were not late and "repo fees" unrelated to any expense of repossession. Santander's conduct in Assessing undue fees is so enthusiastic that upon acquiring accounts to collect it not only charges

unlawful fees in the future, but Santander routinely goes back and retroactively assesses unlawful fees pertaining to time periods long before it had anything to do with the loans, adding those fees to the then current bill. In some cases this occurs years after the purported event, which never in fact even occurred.

18. Defendant's routine business practices also include the use of prerecorded automatic telephone dialing systems and artificial or voice systems willfully and knowingly directed to cell phones without the express prior consent of the person being called. The persons called without express permission using automatic telephone dialing systems, artificial and prerecorded voice systems include not only the debtors but the friends, family and references of the debtors.

19. Santander's business practices are so outrageous that it has a rare "F" rating with the Better Business Bureau in Dallas, its headquarters' city.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF BONNER

20. In 2005, Ms. Bonner purchased a 2005 Chevrolet Tahoe ("the vehicle") from Serra Chevrolet in Birmingham, Alabama.

21. Ms. Bonner financed the vehicle.

22. In approximately 2008, Ms. Bonner began receiving telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note.

23. Since that time, Ms. Bonner has received numerous harassing and misleading telephonic communications from Santander's agents attempting to collect upon the alleged debt.

24. Santander has repeatedly misled and deceived Ms. Bonner as to the actual balance owed on the vehicle note.

25.     Santander has also attempted to coerce and embarrass Ms. Bonner into making additional payments by repeatedly calling Ms. Bonner an excessive number of times with the intent to harass and by discussing the alleged debt with various third parties.

26.     Despite verbal and written instruction to cease calls to her place of employment, Santander's agents routinely call Ms. Bonner at her place of employment multiple times per day.

27.     Santander has also made a large number of harassing and repeated telephone calls to Ms. Bonner's cell phone, and Santander has used illegal prerecorded messages, automatic dialers, and predictive dialers in contacting Ms. Bonner on her cell phone.

28.     Ms. Bonner has never provided Santander with permission to contact her cell phone with pre-recorded messages, automatic dialers, or predictive dialers, and she has, in fact, asked Santander not to call her regarding the alleged debt on her cell phone.

29.     Santander's agents have also called Ms. Bonner's home telephone number an excessive number of times with the intent to harass.

30.     Santander's agents have repeatedly threatened Ms. Bonner in an attempt to collect upon the alleged debt.

31.     Santander's agents have attempted to belittle, abuse, and oppress Ms. Bonner in their attempts to collect upon the alleged debt.

32.     Santander's agents have left numerous messages on Ms. Bonner's message service failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt.

33.     Santander repeatedly misrepresented the loan balance and has imposed fees not authorized by the contract.

34.     In short, Ms. Bonner has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and TCPA, and Santander breached its contract with Ms. Bonner by charging fees not authorized in the contract.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF LEVINS

35.     In 2008, Ms. Levins purchased a 2007 Chevrolet Impala ("the vehicle") from Adams Ford in Birmingham, Alabama.

36.     Ms. Levins financed the vehicle through the dealership.

37.     Santander began collecting the loan payment in its own name approximately in 2009.

38.     Ms. Levins began receiving telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note in 2008.

39.     Since that time, Ms. Levins received numerous harassing and misleading telephonic communications from Santander's agents attempting to collect upon the alleged debt.

40.     Santander repeatedly misled and deceived Ms. Levins as to the actual balance owed on the vehicle note.

41.     Santander attempted to coerce and embarrass Ms. Levins into making additional payments by repeatedly calling Ms. Levins an excessive number of times with the intent to harass and by discussing the alleged debt with various third parties, including Ms. Levins' sisters Mary Goodwin and Angela Allen.

42.     Santander has also made a large number of harassing and repeated telephone calls to Ms. Levins' cell phone, and Santander used illegal pre-recorded messages, automatic dialers, and predictive dialers in contacting Ms. Levins on her cell phone.

43.     Ms. Levins never provided Santander with permission to contact her cell phone with pre-recorded messages, automatic dialers, or predictive dialers, and she has, in fact, asked Santander not to call her regarding the alleged debt on her cell phone.

44.     Santander's agents have also called Ms. Levins' home telephone number an excessive number of times with the intent to harass.

45.     Santander's agents have repeatedly threatened Ms. Levins in an attempt to collect upon the alleged debt.

46.     Santander's agents have attempted to belittle, abuse, and oppress Ms. Levins in their attempts to collect upon the alleged debt.

47.     Santander's agents have left numerous messages on Ms. Levins' message service failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt.

48.     Santander repeatedly misrepresented the loan balance and imposed fees not authorized by the contract.

49.     In short, Ms. Levins has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and TCPA, and Santander breached its contract with Ms. Levins by charging fees not authorized in the contract.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF COOK

50.     In 2007, Ms. Cook purchased a used 2006 Chrysler 300 ("the vehicle") from Jim Burke Automotive in Birmingham, Alabama.

51.     Ms. Cook originally financed the vehicle through Drive Financial, LP.

52.     In approximately November 2011, Ms. Cook began receiving telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note.

53.     Since that time, Ms. Cook has received numerous harassing and misleading telephonic communications from Santander's agents attempting to collect upon the alleged debt.

54.     Santander has repeatedly misled and deceived Ms. Cook as to the actual balance owed on the vehicle note.

55.     Santander has also attempted to coerce and embarrass Ms. Cook into making additional payments by repeatedly calling Ms. Cook an excessive number of times with the intent to harass and by discussing the alleged debt with various third parties, including Ms. Cook's husband and mother.

56.     Despite verbal and written instruction to cease calls to her place of employment, Santander's agents routinely call Ms. Cook at her place of employment multiple times per week.

57.     Santander has also made a large number of harassing and repeated telephone calls to Ms. Cook's cell phone, and Santander has used illegal prerecorded messages, automatic dialers, and predictive dialers in contacting Ms. Cook on her cell phone.

58.     Ms. Cook has never provided Santander with permission to contact her cell phone with pre-recorded messages, automatic dialers, or predictive dialers, and she has, in fact, asked Santander not to call her regarding the alleged debt on her cell phone.

59.     Santander's agents have also called Ms. Cook's home telephone number an excessive number of times with the intent to harass.

60.     Santander's agents have repeatedly threatened Ms. Cook in an attempt to collect upon the alleged debt.

61.     Santander's agents have attempted to belittle, abuse, and oppress Ms. Cook in their attempts to collect upon the alleged debt.

62.     Santander's agents have left numerous messages on Ms. Cook's message service failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt.

63.     Santander repeatedly misrepresented the loan balance and has imposed fees not authorized by the contract.

64.     In short, Ms. Cook has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and TCPA, and Santander breached its contract with Ms. Cook by charging fees not authorized in the contract.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF WILLIAMS

65.     In approximately February 2009, Ms. Williams purchased a 2009 Chevrolet Cobalt ("the vehicle") from Buyer's Way in Bessemer, Alabama.

66.     Ms. Williams financed the vehicle.

67.     Beginning approximately June 2009, Santander telephoned Ms. Williams' cellular number more than 100 times using an automated telephone dialing system and left numerous pre-recorded messages in Ms. Williams' voice mailbox.

68.     Ms. Williams began receiving these telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note.

69.     Santander's calls to Ms. Williams were initiated by an autodialer or a predictive dialer.

70.     An autodialer or predictive dialer places calls without human intervention until a person answers the call, in which case the dialer attempts to connect the person answering the call with a human debt collector.

71.     Ms. Williams did not authorize the automated placement of calls to her cellular telephone.

72.     Ms. Williams told Santander to stop calling her cell phone; however, Santander persisted in calling Ms. Williams' cellular phone.

73.     Since that time, Ms. Williams received numerous harassing and misleading telephonic communications from Santander's agents attempting to collect upon the alleged debt.

74.      Santander repeatedly misled and deceived Ms. Williams as to the actual balance owed on the vehicle note.

75.     Santander attempted to coerce and embarrass Ms. Williams into making additional payments by repeatedly calling Ms. Williams an excessive number of times with the intent to harass and by discussing the alleged debt with various third parties, including Ms. Williams' mother and friend.

76.     Despite verbal and written instruction to cease calls to her place of employment, Santander's agents routinely call Ms. Williams at her place of employment.

77.     Santander's agents have repeatedly threatened Ms. Williams in an attempt to collect upon the alleged debt.

78.     Santander's agents have attempted to belittle, abuse, and oppress Ms. Williams in their attempts to collect upon the alleged debt.

79.     Santander's agents have left numerous messages on Ms. Williams' cellular voicemail service failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt and using automated or predictive dialers.

80.     Santander furthermore repeatedly misrepresented the loan balance and imposed fees not authorized by the contract.

81.     In short, Ms. Williams has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and the TCPA, and Santander breached its contract with Ms. Williams by charging fees not authorized in the contract.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF JONES

82.     Plaintiff Jones is not and has never been a client of SCUSA or any other entity for which SCUSA collects debts.

83.     Plaintiff Jones has no business relationship with SCUSA.

84.     Plaintiff Jones niece, Mozell Shelby, is party to a contract serviced by SCUSA.

85.     SCUSA called Plaintiff Jones numerous times and discussed the alleged debt of Ms. Shelby with her.

86.     Ms. Jones was harassed and received numerous phone calls from Santander regarding Ms. Shelby's alleged debt.

87.     Ms. Jones repeatedly told Santander to stop calling her regarding Ms. Shelby's alleged debt; however, Santander persisted in contacting Ms. Jones and left numerous voicemails on her message service.

88.     Santander was calling Ms. Jones' telephone number for the purpose of collecting an alleged debt owed by Ms. Shelby to HSBC.

89.     Santander intended to contact Ms. Jones regarding Ms. Shelby's alleged debt.

90.     Prior to receiving calls from Santander, Ms. Jones had no contact or communications with Santander, and did not authorize Santander to contact her.

91.     In short, Ms. Jones has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and TCPA. Ms. Jones does not make a claim under the Third Claim for Relief – Breach of Contract.

## CLASS ACTION ALLEGATIONS

92.     Plaintiffs seek to represent a nationwide class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class which plaintiffs seek to represent is composed of and defined as:

> (1) All persons in the United States who are current or former customers of Santander within the previous six years and all other persons to whom Santander made telephone calls for the collection of debts from its customers, and (2) all persons that were called by Santander using an automatic telephone dialing service and/or an artificial or prerecorded voice where the evidence shows that the person received at least one phone call placed by the automatic telephone dialing service and/or an artificial or prerecorded voice and (i) where there is no evidence of prior express consent to call that person's cellular telephone number by the automatic telephone dialing service and/or an artificial or prerecorded voice for a time period consistent with the statute of limitations for TCPA claims or (ii) where the prior express consent to call was withdrawn prior to the call being placed.

93.     This action has been brought and may properly be maintained as a class action pursuant to the provisions of Rule 23(a)(1)-(4) and Rule 23(b) of the Federal Rules of Civil Procedure, and satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements thereof because:

a.   The plaintiff class is so numerous that the individual joinder of all members is impracticable under the standard of Federal Rule of Civil Procedure 23(a)(1).

b.   Common questions of law and fact exist as to all members of the class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions, which affect only individual members of the class within the meaning of Federal Rule of Civil Procedure 23(a)(2). These common questions of law and fact include, without limitation:

i.   Whether defendant engaged in violations of laws as alleged herein;

ii. Whether defendant by nature of its wrongful conduct is liable for damages and losses resulting from the conduct alleged herein; and

iii. Whether the defendant had a policy and uniform practice with respect to harassing consumer, family members, friends, and/or references, misleading consumers, and charging and collecting unauthorized fees.

c. The plaintiffs' claims are typical of the claims of the members of the class under Federal Rule of Civil Procedure 23(a)(3). The representative plaintiffs and all members of the class sustained damages arising out of defendant's common course of conduct in violation of the law as complained herein. The losses of each member of the class were caused directly by defendant's wrongful conduct in violation of law as alleged herein.

d. The representative plaintiffs will fairly and adequately protect the interests of the class as required by Federal Rule of Civil Procedure 23(a)(4). Plaintiffs have no interests, which are adverse to the interests of the class members. Plaintiffs were harassed, mislead, and/or charged unauthorized fees by defendant. Plaintiffs have retained counsel, who have substantial experience and success in the prosecution of class action and consumer litigation.

e. Defendant's scheme affected all class members similarly. Plaintiffs and all members of the class were treated the same. As a result, the issues which affect the plaintiffs and the class members in common predominate over those which affect only the interest of any particular class member. Thus, common questions of law and fact greatly predominate over questions of law or fact affecting only individual members of the class.

f.   A class action is superior to other available methods for the fair and efficient

adjudication of this controversy under Federal Rule of Civil Procedure 23(b) since

individual joinder of all members of the class is impracticable. Furthermore, as

the damages suffered by each individual member of the class may be relatively

small, the expense and burden of individual litigation would make it difficult or

impossible for individual members of the class to redress the wrongs done to

them. The cost to the court system of adjudication of such individualized

litigation would be substantial. Individualized litigation would also present the

potential for inconsistent or contradictory judgments and would magnify the delay

and expense to all parties and the court system in multiple trials of the factual

issues of the case. By contrast, the conduct of this action as a class action presents

far fewer management difficulties, conserves the resources of the parties and the

court system, and protects the rights of each class member.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

94.   Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent

factual averments in this complaint as if fully set forth herein.

95.   Santander violated 15 U.S.C. §1692b(1) because its agents communicated with

persons other than the consumer and failed to provide their identity and state that they are

confirming or correcting location information.

96.   Santander violated 15 U.S.C. §1692b(2) by telling persons other than the

consumer that the consumer owed a debt.

97.     Santander violated 15 U.S.C. §1692b(3) by repeatedly communicating with persons other than the consumer without reasonable belief that the earlier response was erroneous or incomplete or that such person now has complete or correct information.

98.     Santander violated 15 U.S.C. §1692c(a)(3) by contacting plaintiffs and the class at their place of employment after Santander had reason to know the employer prohibited the consumer from receiving such communication.

99.     Santander violated 15 U.S.C. §1692c(b) by communication with third parties other than those permitted by that paragraph except as provided in 15 U.S.C. §1692b.

100.    Santander used language that was obscene, profane, or had the natural consequence of abusing the consumer in violation of 15 U.S.C. §1692d(1).

101.    Santander caused telephones to ring and engaged persons in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass in violation of 15 U.S.C. §1692d(5).

102.    Santander violated 15 U.S.C. §1692d(6) by placing telephone calls without meaningful disclosure of the callers' identity.

103.    Santander violated 15 U.S.C. §1692e(2) by falsely representing the amount of debt.

104.    Santander violated 15 U.S.C. §1692e(11) by failing to make the required disclosures in the initial written communications from Santander.

105.    Santander violated 15 U.S.C. §1692f(1) by collecting money from plaintiffs and the class (interest, fees, charges and expenses) not expressly authorized by the contract or permitted by law.

106.    Santander failed to provide the notice required by 15 U.S.C. §1692g(a).

107.    As a proximate result of Santander's actions, plaintiffs and the class were caused to suffer harm.

108.    Plaintiffs and the class are entitled to an award of statutory damages or actual damages, whichever is higher, plus costs and attorneys' fees for Santander's violations of the FDCPA.

Wherefore, premises considered, plaintiffs and the class demand judgment against Santander for statutory or actual damages, whichever is higher, plus costs, attorneys' fees and such additional relief as the Court may deem appropriate or to which plaintiffs and the class may be entitled.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

109.    Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

110.    Santander violated the TCPA by the calls made to plaintiffs and the class. The violations include the use of automatic telephone dialing systems and artificial and prerecorded voice messages directed to cell numbers without plaintiffs' and the class's express permission.

111.    Santander's actions were done willfully or knowingly.

112.    Plaintiffs and the class are entitled to an award of statutory damages for Santander's violations of the TCPA.

113.    Each call is a separate violation and entitles plaintiffs and the class to statutory damages against Santander in the amount of at least Five Hundred Dollars ($500.00) per call. Because the violations by Santander were committed willfully and knowingly, plaintiffs and the

class request that a statutory damage of One Thousand Five Hundred Dollars ($1,500.00) per call be assessed pursuant to 47 U.S.C. § 227(b)(3).

Wherefore, premises considered, plaintiffs and the class demand judgment against Santander for statutory or actual damages, whichever is higher, plus costs and such additional relief as the Court may deem appropriate or to which plaintiffs and the class may be entitled.

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT

114.    Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

115.    Defendant had a contract with plaintiffs and the class or was acting as an agent on behalf of an undisclosed principal. Santander in either event is liable for the breach.

116.    Defendant breached the contract with plaintiffs and the class by imposing unauthorized fees, including but not limited to late fees, which were not due.

117.    As a consequence of defendant's breach of contract, plaintiffs and the class suffered damages.

Wherefore, premises considered, plaintiffs and the class demand judgment against Santander for actual and compensatory damages, plus interest, costs, and such additional relief as the Court may deem appropriate or to which plaintiffs and the class may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, plaintiffs and the class seek the following relief:

a)      Following appropriate discovery, an order certifying this cause as a nationwide class action pursuant to Federal Rule of Civil Procedure 23, with appropriate subclasses as the Court deems appropriate, and notice as applicable to the absent class members, appointing

plaintiffs as class representatives, and appointing D. Frank Davis, John E. Norris, and the firm

Davis & Norris, LLP as class counsel;

     b)     A declaration that Santander's nationwide pattern and practice of conduct as

alleged herein constitutes a violation of the FDCPA, the TCPA, and breach of contract with

respect to plaintiffs and the class;

     c)     Statutory damages of One Thousand Dollars ($1,000.00) from Santander for

violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

     d)     Statutory damages of One Thousand Five Hundred Dollars ($1,500.00) per call

for Santander's willful and knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3) or

in the alternative at least Five Hundred Dollars ($500.00) per call;

     e)     Costs and reasonable attorneys' fees from Santander for violations of the FDCPA

pursuant to 15 U.S.C. § 1692k;

     f)     Appropriate injunctive relief requiring Santander to stop violating the FDCPA and

the TCPA;

     g)  Actual and compensatory damages;

     h)  Interest, costs, and attorneys' fees; and

     i)  Such further and different relief as the Court may deem appropriate or as plaintiff

is entitled to under the law.

## JURY DEMAND

Plaintiffs demand trial by struck jury on all issues.

Dated: October 23, 2012

                       /s/ D. Frank Davis_____
                       D. Frank Davis
                       One of the Attorneys for Plaintiffs

**<u>OF COUNSEL:</u>**
D. Frank Davis
John E. Norris
Wesley W. Barnett
Courtney L. Peinhardt
Andrew S. Herring
Davis & Norris, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
wbarnett@davisnorris.com
courtney@davisnorris.com
aherring@davisnorris.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing document by Electronic Filing, or, if the party does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 23d day of October, 2012:

John R. Chiles

R. Frank Springfield

Daniel B. Snyder

BURR & FORMAN LLP

3400 Wachovia Tower

420 North 20th Street

Birmingham, Alabama 35203

/s/ Andrew S. Herring
Andrew S. Herring
One of the Attorneys for Plaintiffs