**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARICA BONNER, et al., on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>SANTANDER CONSUMER USA, INC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 12-cv-09431 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, Santander Consumer USA, Inc. ("Santander"), for its Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint, states as follows:

**PARTIES**

1.    Plaintiff Arica Bonner is an adult resident citizen of Jefferson County, Alabama. Ms. Bonner currently resides in the City of Birmingham in Jefferson County, Alabama.

**RESPONSE:** Santander lacks knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 1. Santander states further that Arica Bonner is no longer a plaintiff in this lawsuit because her claim has been arbitrated.

2.    Plaintiff Faye Levins is an adult resident citizen of Jefferson County, Alabama. Ms. Levins currently resides in the City of Birmingham in Jefferson County, Alabama.

**RESPONSE:** Santander lacks knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 2.

3.    Plaintiff Rajeeni Cook is an adult resident citizen of Jefferson County, Alabama. Ms. Cook currently resides in the City of Birmingham in Jefferson County, Alabama.

**RESPONSE:** Santander lacks knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 3.

4.     Plaintiff Turquiose Williams is an adult resident citizen of Walker County, Alabama. Ms. Williams currently resides in the City of Jasper in Walker County, Alabama.

**RESPONSE:** Santander lacks knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 4.

5.     Plaintiff Maude Jones is an adult resident citizen of Jefferson County, Alabama. Ms. Jones currently resides in the City of Birmingham in Jefferson County, Alabama.

**RESPONSE:** Santander lacks knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 5.

6.     Santander is an Illinois corporation with its principal office located in Dallas, Texas. Santander has conducted business in Jefferson County in Alabama during the time period pertinent to the allegations in this complaint. Santander is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**RESPONSE:** Santander admits that it is an Illinois corporation with its principal office in Dallas, Texas. Defendant denies the remaining allegations of paragraph 6. Santander further states that whether or not it is a "debt collector" for purposes of 15 U.S.C. § 1692a(6) calls for a legal conclusion, which does not require a response. To the extent a response is required, Santander denies this allegation.

## JURISDICTION AND VENUE

7.     This class action is based on the FDCPA, the TCPA, and breach of contract. Plaintiffs' complaint asserts numerous state and federal claims against defendant. Plaintiffs' state law claims are related to the same collection activity that forms the basis for plaintiffs'

FDCPA and TCPA claims. It is therefore evident that plaintiffs' state law claims in this case are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy and, thus, fall squarely within this Court's supplemental jurisdiction. Accordingly, federal question jurisdiction exists pursuant to 28 U.S.C. §1331, and supplemental jurisdiction exists pursuant to 28 U.S.C. §1367. This Court, additionally, should exercise supplemental jurisdiction over plaintiffs' state law claims in order to avoid an unnecessary duplication of judicial resources.

**RESPONSE:** Santander admits that federal question jurisdiction exists under 28 U.S.C. § 1331 for Plaintiffs' federal claims brought under the Telephone Consumer Protection Act (TCPA) and the Fair Debt Collection Practices Act (FDCPA). Santander denies the remaining allegations of paragraph 7.

8. The class members are located throughout the United States. Fewer than one third of the class reside in Alabama. Santander is not a citizen of Alabama. The amount in controversy exceeds five million dollars exclusive of interest and costs. Accordingly, diversity jurisdiction exists pursuant to 28 U.S.C. § 1391 (as modified by the Class Action Fairness Act).

**RESPONSE:** Santander lacks knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 8.

9. Venue is proper under 28 U.S.C. §1391, since the events giving rise to plaintiffs' claims occurred within this judicial district and division and since defendant is subject to the general and personal jurisdiction of this Court.

**RESPONSE:** Santander admits that it is subject to the personal jurisdiction of this Court and that venue is proper in this Court. Santander denies the remaining allegations in paragraph 9.

10.     Defendant's wrongful activities were directed to this jurisdiction.   Plaintiffs' rights were damaged or impaired in this jurisdiction, and significant damages and losses were suffered in this jurisdiction.

**RESPONSE:**  Santander denies the allegations of paragraph 10.

11.     Santander Consumer USA regularly, continuously, and systematically conducts business in the state of Alabama.  For example, Burke Automotive Group, which is one of the largest automobile dealers in the state of Alabama and has new-car franchises with multiple automobile manufacturers and a large used car business, regularly causes its customers, particularly those with high-risk credit, to contract with Santander for the finance of new and used cars.  Santander regularly, continuously, and systematically enters into automobile loan agreements with Burke customers located in the state of Alabama and at other large Alabama automotive retailers, such as Jim Skinner, Serra, and Tameron.   Additionally, Santander regularly, continuously, and systematically repossesses automobiles of Alabama residents who default on Santander automotive loans.

**RESPONSE:**   Santander admits that it has been assigned loans from the Burke Automotive Group and other Alabama automobile dealerships.  Santander further admits that it has hired contractors to repossess automobiles located in Alabama.  Santander denies the remaining allegations of paragraph 11.

## NATURE OF THE CASE

12.     Santander is one of the largest subprime automobile servicing companies in the world.  As of 2010, its debt collection portfolio was approximately $15 billion.  Although the debts it collects are in fact owned by others, Santander collects the debts in its own name without

disclosing that it is not the owner of the debt. Therefore, it functions as an undisclosed agent for the true owner.

**RESPONSE:** Santander admits that it is in the automotive finance business. Santander denies the remaining allegations of paragraph 12.

13. Defendant's routine business practices involve taking over the collection of debts previously collected by others and then: (a) engaging in unlawful harassment and unlawful collection methods, and (b) imposing improper fees never agreed to and not authorized by the contracts they are servicing. It is a very lucrative but unlawful business plan.

**RESPONSE:** Santander denies the allegations of paragraph 13.

14. Santander is so eager to harass, abuse, and annoy its customers that its repeated and continuous calls each day are from multiple Santander telephone numbers. It calls cell phone numbers without prior authorization.

**RESPONSE:** Santander denies the allegations of paragraph 14.

15. Santander also begins its calls long before the grace period for the payment in question runs. For example, for loans due on the 1st with a 10 day grace period through the 10th, Santander's harassing calls begin on or about the 2nd.

**RESPONSE:** Santander denies the allegations of paragraph 15.

16. Furthermore, it employs the same methods to abuse, annoy, and harass the friends, family and references of the debtors all in an unlawful attempt to intentionally harass, abuse and annoy its customers and their family and friends.

**RESPONSE:** Santander denies the allegations of paragraph 16.

17. Defendant willfully, knowingly, regularly, and routinely charges and collects fees not authorized by the contracts with debtors, including collecting late fees when payments were

not late and "repo fees" unrelated to any expense of repossession. Santander's conduct in assessing undue fees is so enthusiastic that upon acquiring accounts to collect it not only charges unlawful fees in the future, but Santander routinely goes back and retroactively assesses unlawful fees pertaining to time periods long before it had anything to do with the loans, adding those fees to the then current bill. In some cases this occurs years after the purported event, which never in fact even occurred.

**RESPONSE:** Santander denies the allegations of paragraph 17.

18. Defendant's routine business practices also include the use of prerecorded automatic telephone dialing systems and artificial or voice systems willfully and knowingly directed to cell phones without the express prior consent of the person being called. The persons called without express permission using automatic telephone dialing systems, artificial and prerecorded voice systems include not only the debtors but the friends, family and references of the debtors.

**RESPONSE:** Santander denies the allegations of paragraph 18.

19. Santander's business practices are so outrageous that it has a rare "F" rating with the Better Business Bureau in Dallas, its headquarters' city.

**RESPONSE:** Santander denies the allegations of paragraph 19.

### FACTUAL ALLEGATIONS AS TO PLAINTIFF BONNER

20. In 2005, Ms. Bonner purchased a 2005 Chevrolet Tahoe ("the vehicle") from Serra Chevrolet in Birmingham, Alabama.

**RESPONSE:** Plaintiff Bonner has been dismissed from this lawsuit. Therefore, no answer is required to paragraph 20.

21. Ms. Bonner financed the vehicle.

**RESPONSE:** Plaintiff Bonner has been dismissed from this lawsuit. Therefore, no answer is required to paragraph 21.

22. In approximately 2008, Ms. Bonner began receiving telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note.

**RESPONSE:** Plaintiff Bonner has been dismissed from this lawsuit. Therefore, no answer is required to paragraph 22.

23. Since that time, Ms. Bonner has received numerous harassing and misleading telephonic communications from Santander's agents attempting to collect upon the alleged debt.

**RESPONSE:** Plaintiff Bonner has been dismissed from this lawsuit. Therefore, no answer is required to paragraph 23.

24. Santander has repeatedly misled and deceived Ms. Bonner as to the actual balance owed on the vehicle note.

**RESPONSE:** Plaintiff Bonner has been dismissed from this lawsuit. Therefore, no answer is required to paragraph 24.

25. Santander has also attempted to coerce and embarrass Ms. Bonner into making additional payments by repeatedly calling Ms. Bonner an excessive number of times with the intent to harass and by discussing the alleged debt with various third parties.

**RESPONSE:** Plaintiff Bonner has been dismissed from this lawsuit. Therefore, no answer is required to paragraph 25.

26. Despite verbal and written instruction to cease calls to her place of employment, Santander's agents routinely call Ms. Bonner at her place of employment multiple times per day.

**RESPONSE:** Plaintiff Bonner has been dismissed from this lawsuit. Therefore, no answer is required to paragraph 26.

27.     Santander has also made a large number of harassing and repeated telephone calls to Ms. Bonner's cell phone, and Santander has used illegal prerecorded messages, automatic dialers, and predictive dialers in contacting Ms. Bonner on her cell phone.

**RESPONSE:**   Plaintiff Bonner has been dismissed from this lawsuit.   Therefore, no answer is required to paragraph 27.

28.     Ms. Bonner has never provided Santander with permission to contact her cell phone with pre-recorded messages, automatic dialers, or predictive dialers, and she has, in fact, asked Santander not to call her regarding the alleged debt on her cell phone.

**RESPONSE:**   Plaintiff Bonner has been dismissed from this lawsuit.   Therefore, no answer is required to paragraph 28.

29.     Santander's agents have also called Ms. Bonner's home telephone number an excessive number of times with the intent to harass.

**RESPONSE:**   Plaintiff Bonner has been dismissed from this lawsuit.   Therefore, no answer is required to paragraph 29.

30.     Santander's agents have repeatedly threatened Ms. Bonner in an attempt to collect upon the alleged debt.

**RESPONSE:**   Plaintiff Bonner has been dismissed from this lawsuit.   Therefore, no answer is required to paragraph 30.

31.     Santander's agents have attempted to belittle, abuse, and oppress Ms. Bonner in their attempts to collect upon the alleged debt.

**RESPONSE:**   Plaintiff Bonner has been dismissed from this lawsuit.   Therefore, no answer is required to paragraph 31.

32.     Santander's agents have left numerous messages on Ms. Bonner's message service failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt.

**RESPONSE:**  Plaintiff Bonner has been dismissed from this lawsuit.  Therefore, no answer is required to paragraph 32.

33.     Santander repeatedly misrepresented the loan balance and has imposed fees not authorized by the contract.

**RESPONSE:**  Plaintiff Bonner has been dismissed from this lawsuit.  Therefore, no answer is required to paragraph 33.

34.     In short, Ms. Bonner has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and TCPA, and Santander breached its contract with Ms. Bonner by charging fees not authorized in the contract.

**RESPONSE:**  Plaintiff Bonner has been dismissed from this lawsuit.  Therefore, no answer is required to paragraph 34.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF LEVINS

35.     In 2008, Ms. Levins purchased a 2007 Chevrolet Impala ("the vehicle") from Adams Ford in Birmingham, Alabama.

**RESPONSE:**  Santander admits that, on or about January 31, 2009, Levins purchased a 2007 Chevrolet Impala from Adamson Ford in Birmingham, Alabama.  Santander denies the remaining allegations of paragraph 35.

36.     Ms. Levins financed the vehicle through the dealership.

**RESPONSE:**  Santander admits that Levins financed the vehicle through Drive Financial Services, LP, now known as Santander.

37.    Santander began collecting the loan payment in its own name approximately in 2009.

**RESPONSE:**   Santander admits that it collected the loan payments from the date of funding.

38.    Ms. Levins began receiving telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note in 2008.

**RESPONSE:**   Santander denies the allegations of paragraph 38.

39.    Since that time, Ms. Levins received numerous harassing and misleading telephonic communications from Santander's agents attempting to collect upon the alleged debt.

**RESPONSE:**   Santander denies the allegations of paragraph 39.

40.    Santander repeatedly misled and deceived Ms. Levins as to the actual balance owed on the vehicle note.

**RESPONSE:**   Santander denies the allegations of paragraph 40.

41.    Santander attempted to coerce and embarrass Ms. Levins into making additional payments by repeatedly calling Ms. Levins an excessive number of times with the intent to harass and by discussing the alleged debt with various third parties, including Ms. Levins' sisters Mary Goodwin and Angela Allen.

**RESPONSE:**   Santander denies the allegations of paragraph 41.

42.    Santander has also made a large number of harassing and repeated telephone calls to Ms. Levins' cell phone, and Santander used illegal pre-recorded messages, automatic dialers, and predictive dialers in contacting Ms. Levins on her cell phone.

**RESPONSE:**   Santander denies the allegations of paragraph 42.

43.     Ms. Levins never provided Santander with permission to contact her cell phone with pre-recorded messages, automatic dialers, or predictive dialers, and she has, in fact, asked Santander not to call her regarding the alleged debt on her cell phone.

**RESPONSE:** Santander denies the allegations of paragraph 43.

44.     Santander's agents have also called Ms. Levins' home telephone number an excessive number of times with the intent to harass.

**RESPONSE:** Santander denies the allegations of paragraph 44.

45.     Santander's agents have repeatedly threatened Ms. Levins in an attempt to collect upon the alleged debt.

**RESPONSE:** Santander denies the allegations of paragraph 45.

46.     Santander's agents have attempted to belittle, abuse, and oppress Ms. Levins in their attempts to collect upon the alleged debt.

**RESPONSE:** Santander denies the allegations of paragraph 46.

47.     Santander's agents have left numerous messages on Ms. Levins' message service failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt.

**RESPONSE:** Santander denies the allegations of paragraph 47.

48.     Santander repeatedly misrepresented the loan balance and imposed fees not authorized by the contract.

**RESPONSE:** Santander denies the allegations of paragraph 48.

49.     In short, Ms. Levins has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and TCPA, and Santander breached its contract with Ms. Levins by charging fees not authorized in the contract.

**RESPONSE:** Santander denies the allegations of paragraph 49.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF COOK

50. In 2007, Ms. Cook purchased a used 2006 Chrysler 300 ("the vehicle") from Jim Burke Automotive in Birmingham, Alabama.

**RESPONSE:** Santander admits that, on or about September 27, 2007, Cook purchased a used 2006 Chrysler 300 from Jim Burke Automotive, Inc. in Birmingham, Alabama.

51. Ms. Cook originally financed the vehicle through Drive Financial, LP.

**RESPONSE:** Santander admits that Cook originally financed the vehicle through Drive Financial Services, LP, now known as Santander.

52. In approximately November 2011, Ms. Cook began receiving telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note.

**RESPONSE:** Santander admits that it called Cook in November 2011. Santander denies the remaining allegations of paragraph 52.

53. Since that time, Ms. Cook has received numerous harassing and misleading telephonic communications from Santander's agents attempting to collect upon the alleged debt.

**RESPONSE:** Santander denies the allegations of paragraph 53.

54. Santander has repeatedly misled and deceived Ms. Cook as to the actual balance owed on the vehicle note.

**RESPONSE:** Santander denies the allegations of paragraph 54.

55. Santander has also attempted to coerce and embarrass Ms. Cook into making additional payments by repeatedly calling Ms. Cook an excessive number of times with the intent to harass and by discussing the alleged debt with various third parties, including Ms. Cook's husband and mother.

**RESPONSE:** Santander denies the allegations of paragraph 55.

56. Despite verbal and written instruction to cease calls to her place of employment, Santander's agents routinely call Ms. Cook at her place of employment multiple times per week.

**RESPONSE:** Santander denies the allegations of paragraph 56.

57. Santander has also made a large number of harassing and repeated telephone calls to Ms. Cook's cell phone, and Santander has used illegal prerecorded messages, automatic dialers, and predictive dialers in contacting Ms. Cook on her cell phone.

**RESPONSE:** Santander denies the allegations of paragraph 57.

58. Ms. Cook has never provided Santander with permission to contact her cell phone with pre-recorded messages, automatic dialers, or predictive dialers, and she has, in fact, asked Santander not to call her regarding the alleged debt on her cell phone.

**RESPONSE:** Santander denies the allegations of paragraph 58.

59. Santander's agents have also called Ms. Cook's home telephone number an excessive number of times with the intent to harass.

**RESPONSE:** Santander denies the allegations of paragraph 59.

60. Santander's agents have repeatedly threatened Ms. Cook in an attempt to collect upon the alleged debt.

**RESPONSE:** Santander denies the allegations of paragraph 60.

61. Santander's agents have attempted to belittle, abuse, and oppress Ms. Cook in their attempts to collect upon the alleged debt.

**RESPONSE:** Santander denies the allegations of paragraph 61.

62.     Santander's agents have left numerous messages on Ms. Cook's message service failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt.

**RESPONSE:**  Santander denies the allegations of paragraph 62.

63.     Santander repeatedly misrepresented the loan balance and has imposed fees not authorized by the contract.

**RESPONSE:**  Santander denies the allegations of paragraph 63.

64.     In short, Ms. Cook has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and TCPA, and Santander breached its contract with Ms. Cook by charging fees not authorized in the contract.

**RESPONSE:**  Santander denies the allegations of paragraph 64.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF WILLIAMS

65.     In approximately February 2009, Ms. Williams purchased a 2009 Chevrolet Cobalt ("the vehicle") from Buyer's Way in Bessemer, Alabama.

**RESPONSE:**  Santander admits that, on or about February 16, 2010, Williams purchased a 2009 Chevrolet Cobalt from Highway 150 Buyers Way, Inc. in Bessemer, Alabama. Santander denies the remaining allegations in paragraph 65.

66.     Ms. Williams financed the vehicle.

**RESPONSE:**  Santander admits the allegations of paragraph 66.

67.     Beginning approximately June 2009, Santander telephoned Ms. Williams' cellular number more than 100 times using an automated telephone dialing system and left numerous pre-recorded messages in Ms. Williams' voice mailbox.

**RESPONSE:**  Santander denies the allegations of paragraph 67.

68. Ms. Williams began receiving these telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note.

**RESPONSE:** Santander admits that it called Williams attempting to collect an outstanding balance on her vehicle note with Santander. Santander denies the remaining allegations of paragraph 68.

69. Santander's calls to Ms. Williams were initiated by an autodialer or a predictive dialer.

**RESPONSE:** Santander denies the allegations of paragraph 69.

70. An autodialer or predictive dialer places calls without human intervention until a person answers the call, in which case the dialer attempts to connect the person answering the call with a human debt collector.

**RESPONSE:** To the extent the allegations in paragraph 70 call for a legal conclusion, no response is required. To the extent a response is required, Santander denies the allegations of paragraph 70.

71. Ms. Williams did not authorize the automated placement of calls to her cellular telephone.

**RESPONSE:** Santander denies the allegations of paragraph 71.

72. Ms. Williams told Santander to stop calling her cell phone; however, Santander persisted in calling Ms. Williams' cellular phone.

**RESPONSE:** Santander denies the allegations of paragraph 72.

73. Since that time, Ms. Williams received numerous harassing and misleading telephonic communications from Santander's agents attempting to collect upon the alleged debt.

**RESPONSE:** Santander denies the allegations of paragraph 73.

74.     Santander repeatedly misled and deceived Ms. Williams as to the actual balance owed on the vehicle note.

**RESPONSE:**  Santander denies the allegations of paragraph 74.

75.     Santander attempted to coerce and embarrass Ms. Williams into making additional payments by repeatedly calling Ms. Williams an excessive number of times with the intent to harass and by discussing the alleged debt with various third parties, including Ms. Williams' mother and friend.

**RESPONSE:**  Santander denies the allegations of paragraph 75.

76.     Despite verbal and written instruction to cease calls to her place of employment, Santander's agents routinely call Ms. Williams at her place of employment.

**RESPONSE:**  Santander denies the allegations of paragraph 76.

77.     Santander's agents have repeatedly threatened Ms. Williams in an attempt to collect upon the alleged debt.

**RESPONSE:**  Santander denies the allegations of paragraph 77.

78.     Santander's agents have attempted to belittle, abuse, and oppress Ms. Williams in their attempts to collect upon the alleged debt.

**RESPONSE:**  Santander denies the allegations of paragraph 78.

79.     Santander's agents have left numerous messages on Ms. Williams' cellular voicemail service failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt and using automated or predictive dialers.

**RESPONSE:**  Santander denies the allegations of paragraph 79.

80.     Santander furthermore repeatedly misrepresented the loan balance and imposed fees not authorized by the contract.

**RESPONSE:** Santander denies the allegations of paragraph 80.

81. In short, Ms. Williams has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and the TCPA, and Santander breached its contract with Ms. Williams by charging fees not authorized in the contract.

**RESPONSE:** Santander denies the allegations of paragraph 81.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF JONES

82. Plaintiff Jones is not and has never been a client of SCUSA or any other entity for which SCUSA collects debts.

**RESPONSE:** Plaintiff Jones is subject to a pending motion to compel arbitration of her claims. Therefore, no response to this allegation is required at this time.

83. Plaintiff Jones has no business relationship with SCUSA.

**RESPONSE:** Plaintiff Jones is subject to a pending motion to compel arbitration of her claims. Therefore, no response to this allegation is required at this time.

84. Plaintiff Jones niece, Mozell Shelby, is party to a contract serviced by SCUSA.

**RESPONSE:** Plaintiff Jones is subject to a pending motion to compel arbitration of her claims. Therefore, no response to this allegation is required at this time.

85. SCUSA called Plaintiff Jones numerous times and discussed the alleged debt of Ms. Shelby with her.

**RESPONSE:** Plaintiff Jones is subject to a pending motion to compel arbitration of her claims. Therefore, no response to this allegation is required at this time.

86. Ms. Jones was harassed and received numerous phone calls from Santander regarding Ms. Shelby's alleged debt.

**RESPONSE:** Plaintiff Jones is subject to a pending motion to compel arbitration of her claims. Therefore, no response to this allegation is required at this time.

87.     Ms. Jones repeatedly told Santander to stop calling her regarding Ms. Shelby's alleged debt; however, Santander persisted in contacting Ms. Jones and left numerous voicemails on her message service.

**RESPONSE:** Plaintiff Jones is subject to a pending motion to compel arbitration of her claims. Therefore, no response to this allegation is required at this time.

88.     Santander was calling Ms. Jones' telephone number for the purpose of collecting an alleged debt owed by Ms. Shelby to HSBC.

**RESPONSE:** Plaintiff Jones is subject to a pending motion to compel arbitration of her claims. Therefore, no response to this allegation is required at this time.

89.     Santander intended to contact Ms. Jones regarding Ms. Shelby's alleged debt.

**RESPONSE:** Plaintiff Jones is subject to a pending motion to compel arbitration of her claims. Therefore, no response to this allegation is required at this time.

90.     Prior to receiving calls from Santander, Ms. Jones had no contact or communications with Santander, and did not authorize Santander to contact her.

**RESPONSE:** Plaintiff Jones is subject to a pending motion to compel arbitration of her claims. Therefore, no response to this allegation is required at this time.

91.     In short, Ms. Jones has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and TCPA. Ms. Jones does not make a claim under the Third Claim for Relief – Breach of Contract.

**RESPONSE:** Plaintiff Jones is subject to a pending motion to compel arbitration of her claims. Therefore, no response to this allegation is required at this time.

## CLASS ACTION ALLEGATIONS

92.     Plaintiffs seek to represent a nationwide class pursuant to Rule 23 of the Federal

Rules of Civil Procedure.   The class which plaintiffs seek to represent is composed of and

defined as:

> (1) All persons in the United States who are current or former customers of
> Santander within the previous six years and all other persons to whom Santander
> made telephone calls for the collection of debts from its customers, and (2) all
> persons that were called by Santander using an automatic telephone dialing
> service and/or an artificial or prerecorded voice where the evidence shows that the
> person received at least one phone call placed by the automatic telephone dialing
> service and/or an artificial or prerecorded voice and (i) where there is no evidence
> of prior express consent to call that person's cellular telephone number by the
> automatic telephone dialing service and/or an artificial or prerecorded voice for a
> time period consistent with the statute of limitations for TCPA claims or (ii)
> where the prior express consent to call was withdrawn prior to the call being
> placed.

**RESPONSE:**  Santander admits that Plaintiffs seek to represent the putative nationwide

class set forth in paragraph 92.   Santander denies that any such class can be certified or that

Plaintiffs can be representatives of any such class.   Santander further denies the remaining

allegations of paragraph 92.

93.     This action has been brought and may properly be maintained as a class action

pursuant to the provisions of Rule 23(a)(1)-(4) and Rule 23(b) of the Federal Rules of Civil

Procedure, and satisfies the numerosity, commonality, typicality, adequacy, predominance and

superiority requirements thereof because:

a.   The plaintiff class is so numerous that the individual joinder of all members is

impracticable under the standard of Federal Rule of Civil Procedure 23(a)(1).

b.   Common questions of law and fact exist as to all members of the class, as

required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any

questions, which affect only individual members of the class within the meaning

of Federal Rule of Civil Procedure 23(a)(2). These common questions of law and fact include, without limitation:

    i.   Whether defendant engaged in violations of laws as alleged herein;

    ii.  Whether defendant by nature of its wrongful conduct is liable for damages and losses resulting from the conduct alleged herein; and

    iii. Whether the defendant had a policy and uniform practice with respect to harassing consumer, family members, friends, and/or references, misleading consumers, and charging and collecting unauthorized fees.

c. The plaintiffs' claims are typical of the claims of the members of the class under Federal Rule of Civil Procedure 23(a)(3). The representative plaintiffs and all members of the class sustained damages arising out of defendant's common course of conduct in violation of the law as complained herein. The losses of each member of the class were caused directly by defendant's wrongful conduct in violation of law as alleged herein.

d. The representative plaintiffs will fairly and adequately protect the interests of the class as required by Federal Rule of Civil Procedure 23(a)(4). Plaintiffs have no interests, which are adverse to the interests of the class members. Plaintiffs were harassed, mislead, and/or charged unauthorized fees by defendant. Plaintiffs have retained counsel, who have substantial experience and success in the prosecution of class action and consumer litigation.

e. Defendant's scheme affected all class members similarly. Plaintiffs and all members of the class were treated the same. As a result, the issues which affect the plaintiffs and the class members in common predominate over those which

affect only the interest of any particular class member. Thus, common questions of law and fact greatly predominate over questions of law or fact affecting only individual members of the class.

    f.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Federal Rule of Civil Procedure 23(b) since individual joinder of all members of the class is impracticable. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of the factual issues of the case. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

**RESPONSE:** Santander denies the allegations of paragraph 93, including each of its subparts.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

94.    Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments in this complaint as if fully set forth herein.

**RESPONSE:** Santander incorporates its responses to paragraphs 1 through 93 as though fully set forth herein.

95.     Santander violated 15 U.S.C. §1692b(1) because its agents communicated with persons other than the consumer and failed to provide their identity and state that they are confirming or correcting location information.

**RESPONSE:** Santander denies the allegations of paragraph 95.

96.     Santander violated 15 U.S.C. §1692b(2) by telling persons other than the consumer that the consumer owed a debt.

**RESPONSE:** Santander denies the allegations of paragraph 96.

97.     Santander violated 15 U.S.C. §1692b(3) by repeatedly communicating with persons other than the consumer without reasonable belief that the earlier response was erroneous or incomplete or that such person now has complete or correct information.

**RESPONSE:** Santander denies the allegations of paragraph 97.

98.     Santander violated 15 U.S.C. §1692c(a)(3) by contacting plaintiffs and the class at their place of employment after Santander had reason to know the employer prohibited the consumer from receiving such communication.

**RESPONSE:** Santander denies the allegations of paragraph 98.

99.     Santander violated 15 U.S.C. §1692c(b) by communication with third parties other than those permitted by that paragraph except as provided in 15 U.S.C. §1692b.

**RESPONSE:** Santander denies the allegations of paragraph 99.

100.    Santander used language that was obscene, profane, or had the natural consequence of abusing the consumer in violation of 15 U.S.C. §1692d(1).

**RESPONSE:** Santander denies the allegations of paragraph 100.

101.    Santander caused telephones to ring and engaged persons in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass in violation of 15 U.S.C. §1692d(5).

**RESPONSE:**  Santander denies the allegations of paragraph 101.

102.    Santander violated 15 U.S.C. §1692d(6) by placing telephone calls without meaningful disclosure of the callers' identity.

**RESPONSE:**  Santander denies the allegations of paragraph 102.

103.    Santander violated 15 U.S.C. §1692e(2) by falsely representing the amount of debt.

**RESPONSE:**  Santander denies the allegations of paragraph 103.

104.    Santander violated 15 U.S.C. §1692e(11) by failing to make the required disclosures in the initial written communications from Santander.

**RESPONSE:**  Santander denies the allegations of paragraph 104.

105.    Santander violated 15 U.S.C. §1692f(1) by collecting money from plaintiffs and the class (interest, fees, charges and expenses) not expressly authorized by the contract or permitted by law.

**RESPONSE:**  Santander denies the allegations of paragraph 105.

106.    Santander failed to provide the notice required by 15 U.S.C. §1692g(a).

**RESPONSE:**  Santander denies the allegations of paragraph 106.

107.    As a proximate result of Santander's actions, plaintiffs and the class were caused to suffer harm.

**RESPONSE:**  Santander denies the allegations of paragraph 107.

108.   Plaintiffs and the class are entitled to an award of statutory damages or actual damages, whichever is higher, plus costs and attorneys' fees for Santander's violations of the FDCPA.

**RESPONSE:**  Santander denies the allegations of paragraph 108.

### SECOND CLAIM FOR RELIEF

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

109.   Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

**RESPONSE:**  Santander incorporates its responses to paragraphs 1 through 108 as though fully set forth herein.

110.   Santander violated the TCPA by the calls made to plaintiffs and the class.  The violations include the use of automatic telephone dialing systems and artificial and prerecorded voice messages directed to cell numbers without plaintiffs' and the class's express permission.

**RESPONSE:**  Santander denies the allegations of paragraph 110.

111.   Santander's actions were done willfully or knowingly.

**RESPONSE:**  Santander denies the allegations of paragraph 111.

112.   Plaintiffs and the class are entitled to an award of statutory damages for Santander's violations of the TCPA.

**RESPONSE:**  Santander denies the allegations of paragraph 112.

113.   Each call is a separate violation and entitles plaintiffs and the class to statutory damages against Santander in the amount of at least Five Hundred Dollars ($500.00) per call. Because the violations by Santander were committed willfully and knowingly, plaintiffs and the

class request that a statutory damage of One Thousand Five Hundred Dollars ($1,500.00) per call be assessed pursuant to 47 U.S.C. § 227(b)(3).

**RESPONSE:** Santander denies the allegations of paragraph 113.

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT

114. Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

**RESPONSE:** Santander incorporates its responses to paragraphs 1 through 113 as though fully set forth herein.

115. Defendant had a contract with plaintiffs and the class or was acting as an agent on behalf of an undisclosed principal. Santander in either event is liable for the breach.

**RESPONSE:** Santander admits that it had contracts with each of Levins, Cook and Williams. Santander denies the remaining allegations of paragraph 115.

116. Defendant breached the contract with plaintiffs and the class by imposing unauthorized fees, including but not limited to late fees, which were not due.

**RESPONSE:** Santander denies the allegations of paragraph 116.

117. As a consequence of defendant's breach of contract, plaintiffs and the class suffered damages.

**RESPONSE:** Santander denies the allegations of paragraph 117.

WHEREFORE, Santander requests that this Court award no relief to Plaintiffs and enter judgment in Santander's favor on all counts of Plaintiffs' Second Amended Complaint and award Santander all costs and other relief available under applicable law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs have entered into an arbitration agreement covering their claims against Santander, or have personally benefitted from such a contract executed by themselves or other parties, Plaintiffs' claims are subject to arbitration.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are based on conduct occurring beyond the applicable statutes of limitations or violate the doctrine of laches, they are time barred.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs have filed for bankruptcy protection, the claims asserted by each such Plaintiff is barred by any such bankruptcy case, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, unclean hands and/or release. Moreover, as a result of any such prior proceedings, such a plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

### FOURTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiffs (which Santander denies) was due to the affirmative actions and/or omissions of Plaintiffs and does not give rise to any liability of Santander.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third parties over which Santander had no responsibility or control and for which Santander may not be held liable.

### SIXTH AFFIRMATIVE DEFENSE

To the extent the Fair Debt Collection Practices Act applies to Santander, any FDCPA violation by Santander (which Santander denies) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Santander at all times acts in a reasonable manner in connection with the transactions at issue.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs gave their prior express consent to receive the collection calls at issue, either directly or through an authorized agent, and did not adequately revoke their prior express consent. Santander expressly reserves its argument that prior express consent is not an affirmative defense, but rather, that Plaintiffs must prove lack of prior express consent as an element of their claims under the TCPA.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must fail to the extent they failed to mitigate their damages, if any.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under applicable state or federal law for ascertaining the amount thereof, such that any award of said damages against Santander would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section VI of the Alabama Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), release, consent, ratification, acquiescence, novation, and/or unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by accord and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Statute of Frauds and the parol evidence rule.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' own breaches of contract.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of recoupment and/or set-off.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that the Amended Complaint can be read to include a claim for punitive damages, such damages are barred and cannot be recovered.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring their claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have no private right of action for injunctive relief under the FDCPA.

## RESERVATION OF DEFENSES

Santander reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Second Amended Complaint have not been expressly admitted or denied, they are hereby denied.

Dated: February 6, 2015.

Respectfully submitted,

SANTANDER CONSUMER USA, INC.

By: /s Henry Pietrkowski_____
      One of Its Attorneys

James A. Rolfes
Henry Pietrkowski
REED SMITH LLP
10 S. Wacker Dr., 40th Floor
Chicago, IL 60606
Ph (312) 207-1000
Fax (312) 207-6400
*jrolfes@reedsmith.com*
*hpietrkowski@reedsmith.com*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that service of the foregoing **Defendant's Answer and Affirmative Defenses to Second Amended Complaint** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record in this matter.

/s Henry Pietrkowski