IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARICA BONNER, *et al*., on behalf of themselves and all others similarly situated, | |
| *Plaintiffs*, | Case No.: 12-cv-09431 |
| v. | Honorable Charles P. Kocoras |
| SANTANDER CONSUMER USA INC., | |
| *Defendant*. | |

## UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Defendant Santander Consumer USA Inc. ("Santander"), by and through its counsel, pursuant to Local Rule 26.2, respectfully moves the Court, without opposition from Plaintiffs, for an Order granting Defendant leave to file certain documents under seal in conjunction with Defendant's Motion for Summary Judgment. In support of its motion, Defendant states as follows:

1.      On October 22, 2014, Magistrate Judge Schenkier entered a Protective Order in the related case *Espejo v. Santander Consumer USA Inc.*, No. 11-cv-08987 (*See* Docket No. 106), providing for the designation of confidential documents and the use of such documents, among other matters, and that Protective Order is applicable to this case.[1]

2.      Defendant's summary judgment motion is currently due on April 21, 2016. (*See* Docket No. 89 .)

---

[1] On January 21, 2015, Judge Schenkier entered an order stating that "By agreement of the parties, all written discovery, document production and oral deposition testimony taken in *Espejo* may be used in *Bonner* and *Humphreys* as if taken in those matters." (*See* Docket No. 62.)

3.     In support of its summary judgment motion, Defendant must refer to, quote from, and attach certain documents that the Parties have agreed should be treated as confidential and which have been marked as confidential pursuant to the Protective Order.

4.     Defendant seeks, for good cause shown and subject to the Court's approval, to file certain confidential or otherwise sensitive materials referred to in Defendant's Motion for Summary Judgment under seal.

5.     In particular, in the Appendix attached to Defendant's Memorandum in Support of its Motion for Summary Judgment are the following documents that the Parties have agreed are either non-public business sensitive or proprietary information that Defendant is obligated to keep confidential pursuant to agreements with third parties, or confidential personal information of Plaintiffs that Defendant seeks to file entirely under seal:

   a.     Tab No. 3: Exhibit B to the Declaration of Wayne Nightengale, Maria C. Espejo's Activity Notes (SCUSA/E 0722 – 0802)

   b.     Tab No. 4: Exhibit C to the Declaration of Wayne Nightengale, Faye Levin's Activity Notes (SCUSA/B 00001 – 00034)

   c.     Tab No. 6: Exhibit E to the Declaration of Wayne Nightengale, Audio Recording of Faye Levin's May 14, 2012 call

   d.     Tab No. 16: Outbound Service Overview from the Unified Director User Guide (SCUSA/E 0120 and 202)

   e.     Tab No. 17: Page from Appendix D of the Unified Director User Guide (SCUSA/E 0698)

6.     The contents of Tab Nos. 3, 4, and 6 are confidential and their public disclosure would release Defendant's account holders' personal financial information and other identifying information such as addresses and telephone numbers. Defendant has an interest in insuring the security and confidentiality of their account holder's personal information. The Seventh Circuit has recognized that such personal information should be kept under seal. *See Johnson v.*

*Napolitano*, No. 11-C-677, 2013 WL 1337174, at *5 (N.D. Ill. Mar. 29, 2013) (document

containing "personal identification information of plaintiff and her spouse" kept under seal);

*Perry v. Bath & Body Works, LLC*, 993 F. Supp. 2d 883, 890 (N.D. Ind. 2014) (document

containing party's personal information kept under seal); *Entm't USA, Inc. v. Moorehead*

*Commc'ns., Inc.*, No. 12-CV-116, 2015 U.S. Dist. LEXIS 74099, at *6 (N.D. Ind. June 9, 2015)

(finding good cause to file under seal documents containing defendant's "customers' personal

identifying information").

   7.  The contents of Tab Nos. 16 and 17 are confidential and contain non-public

business sensitive or proprietary information that Defendant is obligated to keep confidential

pursuant to agreements with third parties. Defendant has an interest in insuring the security and

confidentially of these documents because the third parties' competitors would benefit by

examining the documents. The Seventh Circuit has recognized that documents containing highly

confidential commercial information should be kept under seal. *See Fed. Trade Comm'n v. OSF*

*Healthcare Sys.*, No. 11-C-50344, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012) (documents

containing pricing information, contract terms, and contract negotiations and strategies kept

under seal); *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336, at

**9–10 (E.D. Wis. Oct. 24, 2008) (nonpublic financial business information such as business

plans and strategies kept under seal); *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261

F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) ("documents that are shown to contain trade secrets, or

other information that would cause undue private or public harm if disclosed . . . may be kept

under seal.").

   8.  Pursuant to Local Rule 26.2(c), Defendants are provisionally filing Tab Nos. 3, 4,

6, 16, and 17 of the Appendix attached to Defendant's Memorandum in Support of its Motion for

Summary Judgment under seal and serving same on all parties, and are filing a redacted public-record version of same.

9.      Prior to filing the instant motion, the Parties conferred (through counsel) regarding the relief requested herein, and Defendant is authorized to state that Plaintiffs have no opposition to the same.

WHEREFORE, Defendant respectfully requests that, for good cause shown pursuant to Local Rule 26.2, the Court enter an order (i) granting Defendant leave to file Tab Nos. 3, 4, 6, 16, and 17 of the Appendix attached to Defendant's Memorandum in Support of its Motion for Summary Judgment entirely under seal; and (ii) providing such other and further relief as the Court deems reasonable and just.

Dated: April 21, 2016                           Respectfully submitted,

                                                SANTANDER CONSUMER USA INC.


                                                By:  /s/ James A. Rolfes
                                                     One of its Attorneys

                                                Abraham J. Colman
                                                acolman@reedsmith.com
                                                REED SMITH LLP
                                                355 South Grand Ave., Suite 2900
                                                Los Angeles, CA 90071
                                                Tel: 213.457.8000

                                                James A. Rolfes
                                                jrolfes@reedsmith.com
                                                Henry Pietrkowski
                                                hpietrkowski@reedsmith.com
                                                REED SMITH LLP
                                                10 South Wacker Dr., 40th Floor
                                                Chicago, IL 60606
                                                Tel: 312.207.1000

                                                Ashley L. Shively
                                                ashively@reedsmith.com
                                                REED SMITH LLP

101 Second St., Suite 1800
San Francisco, CA 94105
Tel: 415.659.5695

Marc A. Lackner
mlackner@mcguirewoods.com
David S. Reidy
dreidy@mcguirewoods.com
MᴄGᴜɪʀᴇWᴏᴏᴅs LLP
505 Sansome Street, Suite 700
San Francisco, CA 94111
Tel: 415.844.9944

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, James A. Rolfes, state that on April 21, 2016, I electronically filed the foregoing

**UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** with the

Clerk of the Court using the ECF system which will send notification to all parties.


           /s/ James A. Rolfes
           James A. Rolfes